IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS | : | 3:CR-03-340 |
| | : | 3:CV-06-070 |
| KHASAN DANCY | : | (JUDGE VANASKIE) |
| | : | |

MEMORANDUM

On December 11, 2007, the United States Court of Appeals for the Third Circuit remanded this case to reconsider the availability of Federal Rule of Appellate Procedure 4(a)(6) to Defendant Khasan Dancy's attempt to appeal a previous order entered by this Court. (See Order of Court of Appeals, Dec. 11, 2007 ("Remand Order"), Dkt. Entry 71.)[1] Mr. Dancy appealed this Court's February 1, 2007, Order ("February 1 Order") denying his motion to reconsider this Court's January 3, 2007, Order ("January 3 Order"), which in turn denied Mr. Dancy's motion to extend the time within which to appeal the August 28, 2006, Order ("August 28 Order") denying his motion for relief under 28 U.S.C. § 2255. The parties were directed to brief the issue posed by the Remand Order, but only the Government complied. Mr. Dancy notified the Court on February 22, 2008, that he no longer desired to pursue this matter, and that he would file nothing regarding Fed. R. App. P. 4(a)(6). (Dkt. Entry 78, at 1-2.) Although this issue appears to be moot, in the absence of contrary instructions from the Third Circuit, the

---

[1] All docket entries cited in this Memorandum are found under No. 3:CR-03-340.

Court is obliged to respond to the Remand Order and will do so based solely on the Government's submission. For the reasons that follow, the Court finds that Rule 4(a)(6) is unavailable to Mr. Dancy's attempted appeal.

I. BACKGROUND

On November 25, 2003, a grand jury returned an eleven-count indictment against Mr. Dancy, charging him with firearms and drug-related offenses. (Dkt. Entry 1.) Mr. Dancy pled guilty to conspiracy to make false statements to firearms dealers and conspiracy to distribute and possess with intent to distribute cocaine base (crack), in violation of 18 U.S.C. § 371 and 21 U.S.C. § 846, respectively. The guilty plea was entered pursuant to a written plea agreement, which, among other things, included a waiver by Mr. Dancy of his right to challenge his conviction or sentence on direct review or in a collateral proceeding. On October 27, 2004, this Court sentenced Mr. Dancy to 108 months imprisonment.

Notwithstanding the express waiver of his right to collaterally challenge his conviction and sentence, on January 11, 2006, Mr. Dancy filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Dkt. Entry 47.) He subsequently filed an amended motion on June 19, 2006. (Dkt. Entry 53.) On August 28, 2006, this Court entered an order enforcing the waiver and dismissing Mr. Dancy's motion. (Dkt. Entry 54.) The Court also granted Mr. Dancy a certificate of appealability, however, because the "Third Circuit ha[d] yet to rule definitively on the validity of a waiver to the right to file a collateral challenge to a conviction

under 28 U.S.C. § 2255." (Id. at 10.)

Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), Mr. Dancy had sixty days from the entry of the August 28 Order to file a notice of appeal.  No notice of appeal was filed.  Instead, on December 26, 2006, Mr. Dancy filed a motion for extension of time to file an appeal, explaining:

> The defendant moves this court to reopen the time to appeal the court's order based upon extraordinary circumstances, being that the defendant is currently housed in USP Big Sandy – which has experienced a series of lockdowns due to various prison disturbances – which has prevented defendant from timely pursuing his claims, where the defendant has not had access to the prison law library due to the law library being closed after an inmate was stabbed to death there.

((Dkt. Entry 56 at 1.)  Mr. Dancy's motion, however, was barren of any suggestion that he failed to receive notice of the August 28 Order, the absence of which this Court observed in a footnote to the January 3 Order:

> In his motion, Mr. Dancy seeks an order reopening the time to file an appeal.  Such relief is unavailable where, as here, the moving party fails to allege that he did not receive notice of the entry of the judgment or order sought to be appealed.  See Fed. R. App. P. 4(a)(6).  As such, the Court has construed Mr. Dancy's motion as a motion for extension of time to file an appeal.

(January 3 Order 1 n.1.)

The Court denied this motion in the January 3 Order.  Under Rule 4(a)(5)(A), the Court could "extend the time to file a notice of appeal only if 'a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires.'"  (Id. at 2 (quoting Fed. R. App. P.

4(a)(5)(A)(i)).) Because Mr. Dancy's motion was filed well after the thirty-day period, the Court lacked jurisdiction to grant relief and, therefore, denied his motion. (Id. at 2-3 (citing IUE AFL-CIO Pension Fund v. Barker & Williamson, Inc., 788 F.2d 118, 122 n.1 (3d Cir. 1986)).)

Mr. Dancy filed a motion for reconsideration of the January 3 Order, which was docketed in this Court on January 25, 2007. (Dkt. Entry 60.) The envelope containing the motion was postmarked January 22, 2007 – less than twenty-one days after the January 3 Order was entered. (See id. at 4.) Mr. Dancy reiterated in this motion that the prison lockdowns impaired his ability to file a timely notice of appeal. (Id. ¶ 3.) Once again, he did not contend that he never received notice of the August 28 Order. On February 1, 2007, the Court denied this motion, concluding Mr. Dancy failed to establish any grounds to warrant reconsidering the January 3 Order. (See February 1 Order 3-4.)

On July 6, 2007, the Clerk of Court for the Third Circuit received a letter from Mr. Dancy, dated July 2, 2007. (See Letter from Court of Appeals to Mary D'Andrea ("Court of Appeals Letter"), July 20, 2007, Dkt. Entry 67-2; Letter from Mr. Dancy to Court of Appeals, July 2, 2007 ("Dancy Letter"), Dkt. Entry 67.) Attached to the letter was the first page of the February 1 Order and, as such, the clerk construed the letter as a notice of appeal of the February 1 Order. (Court of Appeals Letter.)[2] Additionally, the letter reasserted Mr. Dancy's inability to file a timely

---

[2]The Court of Appeals Letter was received by this Court on August 6, 2007. In accordance with the instruction therein, Mr. Dancy's "notice of appeal" was docketed as being filed July 2, 2007. (See Court of Appeals Letter.)

notice of appeal of the August 28 Order due to a prison lockdown: "The [District Court] has denied my [2255 motion] but granted me a [COA.] I had 60 days to respond and <u>due to 2 murders I missed the deadline</u> . . . ." (Dancy Letter (emphasis added).)

Because Mr. Dancy's letter was received approximately five months after the February 1 Order was entered, his appeal was clearly untimely. The Court of Appeals advised Mr. Dancy in a letter dated August 22, 2007, that his appeal "will be submitted to a panel of this Court for possible dismissal due to a jurisdictional defect [<u>i.e.</u>, its untimeliness]." (Letter from Court of Appeals to Khasan Dancy, Aug. 22, 2007, Ex. A to Gov't's Br. Regarding Applicability of Fed. R. App. P. 4(a)(6), Dkt. Entry 74-2, at 1.) Rather than dismissing Mr. Dancy's appeal, the panel issued the Remand Order, which provided:

> Because of the uncertainties referred in the record, and the issue of whether <u>Dancy</u> waived his right to appeal a § 2255 Motion in addition to the "lock down" and the question of whether he could have filed a timely motion invoking F.R.A.P. (4)(a)(6), this case is remanded to the District Court to reconsider the availability of F.R.A.P. (4)(a)(6).

(Remand Order.)

On December 27, 2007, this Court entered an Order directing the Government and Mr. Dancy to file briefs addressing the question presented by the Remand Order. (Dkt. Entry 73.) The Government filed its brief January 11, 2008. (Dkt. Entry 74.) Mr. Dancy filed nothing in response to that order, prompting this Court to enter a second order affording Mr. Dancy ten additional days to file a brief. (Dkt. Entry 77.) On February 22, 2008, the Court received notice

5

from Mr. Dancy that he intended to discontinue his appeal, and that he would not be filing a brief with respect to Fed. R. App. P. 4(a)(6). (Dkt. Entry 78, at 1-2.) The Court, therefore, will consider the remand issue without regard to Mr. Dancy's position.

II. DISCUSSION

Where the United States is a party in a civil case, the notice of appeal must be filed "within 60 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(B). The sixty-day window is strictly enforced, and failure to timely file is generally fatal to a party's appeal. See Bowles v. Russell, 127 S. Ct. 2360, 2363 (2007) ("[T]he taking of an appeal within the prescribed time is mandatory and jurisdictional." (internal quotation marks omitted)); Poole v. Fam. Ct of New Castle County, 368 F.3d 263, 264 (3d Cir. 2004) ("The timeliness of an appeal is a mandatory jurisdictional prerequisite.").

Nevertheless, the Court may reopen the time to file an appeal under certain circumstances even though the appeal period has expired. Federal Rule of Appellate Procedure 4(a)(6) is the exclusive means to reopen the period to file an appeal. Three conditions must be satisfied:

> (A) the court finds that the moving party did not receive notice . . . of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice . . . of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6); see also Poole, 368 F.3d at 266.

The Court of Appeals remanded this case "to reconsider the availability of F.R.A.P. (4)(a)(6)." (Remand Order.) Given the content of the Remand Order and the Third Circuit's instruction to "reconsider" the availability of Rule 4(a)(6), the Court views that order as requiring a determination of whether Rule 4(a)(6) was available to Mr. Dancy in his attempt to appeal the August 28, 2006 Order. The Government, however, suggests the case was remanded to address the availability of Rule 4(a)(6) to the appeal of the January 3 and February 1, 2007 Orders. (See Gov't's Br. Regarding Applicability of Fed. R. App. P. 4(a)(6) ("Gov't's Br."), Dkt. Entry 74, at 4 n.2.) Out of caution, the Court will address all three orders.

### A. August 28 Order

Failing to timely file a notice of appeal of the August 28 Order, Mr. Dancy filed a motion for extension of time to file an appeal. The Court construed the motion as seeking relief under Rule 4(a)(5), concluding at the outset that Rule 4(a)(6) was unavailable. (See January 3 Order 1 n.1.) The Court will reconsider his motion as if it were brought under Rule 4(a)(6).

Three conditions must be satisfied to reopen the time to file an appeal. Condition "A" requires a finding that Mr. Dancy did not receive notice of the entry of the August 28 Order. "The burden of proving non-receipt (or in this case, delayed receipt) of notice is on the party seeking to reopen the time for appeal under Rule 4(a)(6)." McDaniel v. Moore, 292 F.3d 1304, 1307 (11th Cir. 2002); see also Nunley v. City of Los Angeles, 52 F.3d 792, 795-96 (9th Cir. 1995); Murray v. Stan's BBQ, No. 2:06-cv-89, 2007 WL 2021936, at *3 (E.D. Tenn. July 10,

2007). Here, there is simply no evidence to support a finding of non-receipt of notice of the August 28 Order. Indeed, as the Government correctly observes, Mr. Dancy has never contended that he did not receive notice of the August 28 Order within twenty-one days from its entry. (Gov't's Br. 6.) On the contrary, Mr. Dancy has consistently maintained that the reason he was unable to timely file a notice of appeal was due to a prison lockdown at the institution where he was incarcerated. For example, in his motion for extension of time, he alleged that the lockdown denied him access to the prison law library. Likewise, in his motion for reconsideration, Mr. Dancy reiterated that the lockdown made it "impossible" to file a notice of appeal. He asserted this contention a third time in his July 2, 2007, "notice of appeal," where he explained that "due to 2 murders I missed the [appeal] deadline." Thus, to the extent Mr. Dancy's motion was premised on Rule 4(a)(6), he has failed to sustain his burden of proof as to condition "A," a conclusion cemented by his election not to present argument or evidence.

In summary, Mr. Dancy has failed to demonstrate non-receipt of the August 28 Order within twenty-one days from its entry. Because all three conditions must be satisfied, Mr. Dancy is not entitled to relief under Rule 4(a)(6). Therefore, the Court finds Rule 4(a)(6) unavailable to Mr. Dancy's appeal of the August 28 Order.

B. <u>January 3 Order</u>

Rule 4(a)(6) is also unavailable to Mr. Dancy's appeal of the January 3 Order because he received notice of the January 3 Order within twenty-one days after its entry. In this regard,

he filed a motion for reconsideration of that order, which referred specifically to the January 3 Order.  (See Dkt. Entry 60, ¶ 2.)  Furthermore, the envelope containing the motion is postmarked January 22, 2007, nineteen days after entry of the January 3 Order.  Therefore, Rule 4(a)(6) is unavailable to the appeal of this order.

### C. February 1 Order

Finally, Rule 4(a)(6) is unavailable to Mr. Dancy's appeal of the February 1 Order.  Mr. Dancy received the February 1 Order, as evidenced by its attachment to his July 2, 2007, letter to the Court of Appeals.  He has offered no evidence or argument, however, that he did not receive notice of this order within twenty-one days of its entry.  Moreover, even if the Court construed his July 2, 2007, "notice of appeal" as a motion to reopen, cf. Poole, 368 F.3d 267-68 (holding party seeking to reopen appeal period under Rule 4(a)(6) must file actual motion, not just a notice of appeal), there is no evidence to support a finding that the motion was filed within seven days of his receipt of notice of the February 1 Order.  Consequently, Mr. Dancy cannot rely on Rule 4(a)(6) to avoid probable dismissal of his untimely appeal of the February 1 Order.

III. <u>CONCLUSION</u>

For the reasons stated, the Court finds that the Rule 4(a)(6) is unavailable to Mr. Dancy's appeal or attempted appeal from the August 28, January 3, and February 1 Orders. An appropriate Order follows.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS | : | 3:CR-03-340 |
| | : | 3:CV-06-070 |
| KHASAN DANCY | : | (JUDGE VANASKIE) |
| | : | |

ORDER

NOW, THIS 4th DAY OF APRIL, 2008, for the reasons set forth in the foregoing Memorandum, IT IS HEREBY ORDERED THAT:

1. Federal Rule of Appellate Procedure 4(a)(6) is unavailable to Mr. Dancy's appeal or attempted appeal from the August 28, 2006, as well as the January 3 and February 1, 2007 Orders.

2. The Clerk of Court shall provide notice to the Court of Appeals of the entry of this Memorandum and Order, which concludes the proceedings on the Remand Order of the Court of Appeals.

3. The Clerk of Court shall further provide notice to the Court of Appeals of Defendant's intent to discontinue these proceedings, as stated in his notice docketed in this Court on February 22, 2008.  (Dkt. Entry 78.)

                                                s/ Thomas I. Vanaskie
                                                Thomas I. Vanaskie
                                                United States District Judge